**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

May 5, 2014

LETTER TO COUNSEL:

      RE:    *Mary Harris v. Commissioner, Social Security Administration*;
               Civil No. SAG-13-2503

Dear Counsel:

      On August 28, 2013, the Plaintiff, Mary Harris, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny Ms. Harris's motion and grant the Commissioner's motion. This letter explains my rationale.

      Ms. Harris filed her claims for benefits in July, 2010, alleging a disability onset date of November 23, 2009. (Tr. 176–84). Her claims were denied initially and on reconsideration. (Tr. 88–93, 111–24). A hearing was held on June 7, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 26–49). Following the hearing, on June 25, 2012, the ALJ determined that Ms. Harris was not disabled during the relevant time frame. (Tr. 11–20). The Appeals Council denied Ms. Harris's request for review, (Tr. 1–5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Harris suffered from the severe impairments of status post transient ischemic attack, gastroesophageal reflux disease, and anxiety. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Harris retained the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). She can perform semi-skilled work." (Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Harris could perform jobs existing in significant numbers in the national economy, and that she was not therefore disabled. (Tr. 19–20).

      Ms. Harris presents two arguments on appeal. First, she argues that the ALJ cannot rely on the Medical–Vocational Guidelines ("Grid Rules") to find that a claimant is not disabled when the claimant has a severe mental impairment. Second, she argues that the Appeals Council failed to evaluate evidence submitted after the ALJ rendered his decision. Each argument lacks merit and is addressed in turn.

*Mary Harris v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2503
Ma 5, 2014
Page 2

First, Ms. Harris contends that the ALJ's finding that she has the severe mental impairment of anxiety precluded the ALJ from denying benefits pursuant to the Grid Rules. Pl.'s Mot. 5–6. However, reliance on the Grid Rules is only precluded where a non-exertional impairment is found to affect the claimant's capacity to perform work of which the claimant is otherwise exertionally capable. *See Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984); *see also Mackall v. Astrue*, No. 1:08-cv-03312-PWG, 2010 WL 3895345, at *1 (D. Md. Sept. 30, 2013) ("The mere presence of nonexertional limitations does not, *per se*, preclude application of the Medical–Vocational Guidelines, as nonexertional limitations rise to the level of nonexertional impairments and preclude the use of the guidelines only when the limitations are significant enough to prevent a wide range of gainful employment at the designated level."). Thus, in *Smith*, the Fourth Circuit affirmed the ALJ's application of the Grid Rules where the claimant's anxiety neurosis did not affect his capacity to perform sedentary work. *Smith*, 719 F.2d at 725. "Whether a given nonexertional condition affects a particular claimant's residual functional capacity to engage in certain job activities is a question of fact." *Id.*

Here, despite finding that Ms. Harris suffered from severe anxiety, the ALJ did not include a restriction related to anxiety in the RFC assessment. (Tr. 15). The ALJ noted that Ms. Harris did not receive formal treatment for her anxiety, and that she had not been compliant in taking prescribed medications, which demonstrated that her anxiety was not as limiting as she suggested. (Tr. 18). It is apparent that the ALJ concluded that while Ms. Harris's anxiety resulted in "moderate difficulties" in concentration, persistence, or pace, it did not affect her ability to perform medium, semi-skilled work. (Tr. 15). Contrary to Ms. Harris's assertion, a finding that she has moderate difficulties in concentration, persistence, or pace is not at odds with semi-skilled work. Pl.'s Mot. 5. The ALJ merely gave Ms. Harris "the benefit of the doubt," *see* (Tr. 15), and noted that although she had some difficulty concentrating and completing tasks, she "prepares meals, cleans, does laundry, irons, drives, shops, pay bills, counts change, handles a savings account, uses a checkbook, reads, uses the computer, and plays the piano." (Tr. 15). Accordingly, the ALJ's conclusion that Ms. Harris's anxiety did not have a limiting effect on her ability to perform work is supported by substantial evidence.

Mr. Harris also takes issue with the ALJ's finding that she is limited to semi-skilled work. Pl.'s Mot. 5–6. She asserts that the ALJ's sole purpose in finding that she was capable of semi-skilled work was to preclude a finding of disability under the Grid Rules. *Id.* However, the determination that she is capable of semi-skilled work has no relevance under the Grid Rules, which assume an ongoing capacity only for unskilled work. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(b). The ALJ's finding that Ms. Harris is capable of semi-skilled work, however, necessarily subsumes a finding that she is also capable of unskilled work. As addressed above, the ALJ's conclusion that she is capable of semi-skilled work was supported by substantial evidence. In the absence of a non-extertional impairment precluding performance of a full range of medium work, the ALJ's application of the Grid Rules was appropriate.

Finally, Ms. Harris contends that the Appeals Council failed to address post-hearing evidence, which demonstrated that she could not lift more than 25 pounds. Pl.'s Mot. 6–7. She argues that the Appeals Council's explanation for denying review was "plainly erroneous" and

*Mary Harris v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2503
Ma 5, 2014
Page 3

merits remand. *Id.* In a notice denying Ms. Harris's request for review, the Appeals Council stated that it found no basis for changing the ALJ's decision. (Tr. 4). The Appeals Council also noted that two treatment notes submitted by Ms. Harris were "not new" but were "an exact copy of Exhibit 16F pages 1 and 3." (Tr. 2). However, Ms. Harris notes that the treatment note indicating that she could not lift more than 25 pounds was nowhere in the file at the time of the hearing. Pl.'s Mot. 7. The Appeals Council considered more than sixty pages of additional evidence. *See* (Tr. 4). Even if the Appeals Council misstated whether the one-page treatment note was already in the record, that error is harmless because the Appeals Council fulfilled its regulatory obligations.

The Appeals Council must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.,* 953 F.2d 93, 95–96 (4th Cir. 1991). Evidence is "new" if "it is not duplicative or cumulative." *Wilkins,* 953 F.2d at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* "[T]he regulatory scheme does not require the [Appeals Council] to do anything more than what it did in this case, i.e., 'consider new and material evidence ... in deciding whether to grant review.' " *Meyer v. Astrue,* 662 F.3d 700, 706 (4th Cir. 2011). The Appeals Council is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* The record demonstrates the Appeals Council's receipt and consideration of the treatment note stating that Ms. Harris could not lift more than 25 pounds. (Tr. 1–4). Moreover, the treatment note is unpersuasive. It is undated, signed by a physician whose name is illegible, and consists of only two sentences, which provide, "Ms. Harris cannot lift > 25 lbs due to her medical conditions, or as patient tolerates. No heavy lifting." (Tr. 530). No objective findings are provided to support the physician's conclusion. The new evidence is therefore not material, and remand is not appropriate.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                      Sincerely yours,

                      /s/

                      Stephanie A. Gallagher
                      United States Magistrate Judge